UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMY BRISCOE                                  CIVIL ACTION

VERSUS

ENERGY TRANSFER PARTNERS,        NO.: 14-433-BAJ-SCR
LP, ET AL.

## RULING AND ORDER

Before the Court is Defendants' **Rule 12(b)(6) Partial Motion to Dismiss (Doc. 25)**, filed by Energy Transfer Partners, LP ("ETP") and Florida Gas Transmission Company, LLC ("FGT," and collectively, "Defendants"), seeking an order from this Court dismissing the state law claims of Plaintiff Tammy Briscoe, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Defendants' motion is unopposed.[1] Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the following reasons, the Defendants' Partial Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

#### A. Plaintiff's Claims

Briscoe asserts that she is the designated primary beneficiary of her late husband, Robert Briscoe, under a life insurance policy sponsored by FGT, his former employer. (Doc. 1-1). Briscoe contends that her husband was covered under his employer's life insurance policy at the time of his death. (Doc. 20 at ¶¶ 17, 22).

---

[1] The Court denied Briscoe's Motion for Extension of Time to File Response (Doc. 27) to the motion on December 16, 2014. (Doc. 36). Briscoe did not subsequently file a timely response.

1

However, Briscoe claims that the Defendants have not provided her with the forms necessary to present a claim for benefits on behalf of her deceased husband. (*Id.* at ¶ 23). Briscoe further alleges that the insurance company is unable to evaluate the claim because Defendants have not submitted the claim for consideration. (*Id.* at ¶ 25). Accordingly, Briscoe has asserted claims against Defendants under both ERISA and the Louisiana Insurance Code in her Amended and Supplemental Complaint. (*Id.*).

Plaintiff claims that, under ERISA, she had a right to have her claims presented to an insurer for evaluation, and that Defendants breached their duty as plan administrators when they did not submit her claim. (*Id.* at ¶ 26). Briscoe further argues that, under state law, her claim for recovery under her husband's supplemental life insurance policy is not subject to ERISA, but controlled by the Louisiana Insurance Code. (*Id.* at ¶ 32). Defendants contend that Briscoe's state law claim is expressly preempted by ERISA, and therefore, it should be dismissed for failure to state a claim for which relief can be granted. (Doc. 25).

B. **Procedural History**

On June 9, 2014, Briscoe filed this action in state court, asserting claims for breach of contract and damages. (Doc. 1-1). On July 11, 2014, Defendants removed this action to this Court on the basis of federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) of the Employee Retirement Income Security Act ("ERISA"). (Doc. 1). Thereafter, Briscoe amended her complaint to allege a claim for benefits under ERISA and a claim for violation of the Louisiana Insurance Code. (Doc. 20 at ¶¶ 4,

2

31-32). Defendants then filed this Partial Motion to Dismiss Briscoe's state law claims.[2] (Doc. 25).

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When a complaint fails to satisfy these principles, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

---

[2] Defendants do not move for dismissal of Plaintiff's ERISA claim at this time. (Doc. 25-1 at p. 2).

## III. ANALYSIS

In enacting ERISA, Congress created a comprehensive civil-enforcement scheme for employee welfare benefit plans that completely preempts any state-law cause of action that "duplicates, supplements, or supplants" an ERISA remedy. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). Any state law cause of action that seeks relief within the scope of ERISA's civil enforcement provision, Section 502(a), "regardless of how artfully pleaded as a state action," is preempted. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999); *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Section 502(a)(1)(B) provides that a participant or beneficiary of an ERISA-regulated plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Further, Section 514(a) of ERISA mandates that the statute's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Defendants assert that the Briscoe's state law claim under the Louisiana Insurance Code is preempted by ERISA and should accordingly be dismissed. (Doc. 25 at ¶ 1).

The U.S. Court of Appeals for the Fifth Circuit applies a two part test to determine whether a state law claim is preempted by ERISA. *Hernandez v. Jobe Concrete Prods.*, 282 F.3d 360, 362 (5th Cir. 2002). First, the court determines "whether the benefit plan at issue constitutes an ERISA plan." *Id.* Second, the court determines whether the state law claims "relate to" the plan. *Id.* In general, a

state law claim relates to an ERISA plan "whenever it has 'a connection with or reference to such a plan.'" *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995). Furthermore, the Supreme Court has found that ERISA preempts state law claims for improper processing of a claim for benefits. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987). "The language of the ERISA preemption clause is deliberately expansive, and has been construed broadly by federal courts." *Hubbard*, 42 F.3d at 945. State law claims that "relate to" an ERISA plan are preempted and must be dismissed. *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 764 (5th Cir. 1989).

### A. Existence of ERISA Plan

First, Briscoe argues that her claim for benefits under her husband's supplemental life insurance policy is not preempted by ERISA because her husband's employer did not pay the premiums for the supplemental life insurance, participation in the supplemental life insurance was voluntary, the employer's role was merely to collect premiums through payroll deduction, and the employer received no consideration. (*Id.* at ¶ 31).[3] Accordingly, Briscoe claims that the supplemental employee life benefits constitute a separate plan not regulated by

---

[3] Plaintiff argues that the supplemental life insurance policy falls into an ERISA exception. *See* 29 C.F.R. § 2510.3-1(j) ("Certain group or group-type insurance programs. For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which (1) No contributions are made by an employer or employee organization; (2) Participation in the program is completely voluntary for employees or members; (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.").

ERISA. (*Id.* at ¶¶ 31-32). However, this argument is without merit because, based upon the terms of both policies, supplemental life insurance coverage is not a segregable benefit; rather, it is expressly incorporated into the policies that Briscoe admits are governed by ERISA.[4] Although the Fifth Circuit has not directly answered the question, other Circuits have consistently rejected the argument that supplemental coverage can be severed from an ERISA plan to avoid preemption.[5] Therefore, the first part of the two-part test is satisfied because the supplemental life insurance plan at issue constitutes part of the ERISA plan and cannot be segregated.

### B. Relation to the ERISA Plan

Second, Briscoe contends that her claim for benefits under her husband's supplemental life insurance policy does not relate to an ERISA plan because it is controlled by the Louisiana Insurance Code. (Doc. 20 at ¶ 32). This argument is also without merit. The general rule is that ERISA preempts any state law which "relates to" an employee benefit plan; however, ERISA's "insurance savings clause" expressly exempts state laws that regulate insurance from preemption. 29 U.S.C. § 1144(b)(2)(A) ("nothing in this subchapter shall be construed to exempt or relieve

---

[4] A review of the MetLife and Harford policies confirms that the supplemental life benefits are part and parcel of the program to provide employees with benefits. (*See generally* Doc. 25-2, 25-3) Both policies clearly explain that the supplemental life insurance is part of the group policy. (*Id.*).

[5] *Glass v. United Omaha Life*, 33 F.3d 1342, 1345 (11th Cir. 1994) (holding that additional life insurance paid for wholly by an employee "may not be severed from the plan in order to defeat ERISA coverage . . . [t]he . . . feature is part and parcel of the whole group insurance plan and thus ERISA governs it."); *Postma v. Paul Revere Life*, 223 F.3d 533, 538 (7th Cir. 2000) ("For purposes of determining whether a benefit plan is subject to ERISA, its various aspects ought not be unbundled."); *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 463 (10th Cir.1997) (recognizing that a plaintiff cannot "sever her option disability coverage from the rest of the benefits she received through her employer's plan"); *see also Smith v. Jefferson Pilot Life*, 14 F.3d 562, 567 (11th Cir. 1994), *cert. denied*, 513 U.S. 808 (1994).

any person from any law of any State which regulates insurance"); *see also Tingle v. Pacific Mutual Insurance Company*, 996 F.2d 105 (5th Cir.1993). In this case, although Briscoe attempts to artfully plead a claim under the Louisiana Insurance Code, it is essentially a claim for life insurance benefits that have not been paid. (*See* Doc. 20 at ¶ 31).[6] "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, *regardless of how artfully pleaded as a state action.*" *Giles*, 172 F.3d at 337 (emphasis added). This claim is duplicative of the relief sought under ERISA because it is fundamentally a claim for benefits. As a result, the claim does not fall within the ERISA insurance savings clause and is preempted because it relates to an ERISA plan.

Moreover, the Fifth Circuit has recognized that a claim to recover benefits based upon a violation of the Louisiana Insurance Code is preempted by ERISA and not subject to the insurance savings clause. *Arana v. Oschner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) ("[Plaintiff]'s La. Rev. Stat. § 22:663 [health insurance provision of the Louisiana Insurance Code] claim can fairly be characterized either as a claim 'to recover benefits due to him under the terms of his plan' or as a claim

---

[6] In her Complaint, Plaintiff cites to two provisions of the Louisiana Insurance Code. "Louisiana law provides that a policyholder is entitled to a grace period either of thirty days or one month within which the payment of any premium after the first may be made during which period of grace the death benefit coverage shall continue in force, unless the policyholder has given the insurer written notice of discontinuance in advance of the date of discontinuance and in accordance with the terms of the policy. *See* La. R.S. 22:942(3)." (Doc. 20 at ¶ 34). "Louisiana law provides that the termination of the employment of any employee shall not terminate the insurance of such employee under the group policy until the expiration of the period for which the premium for such employee has been paid. *See* La. R.S. 22:942(9)." (*Id.* at ¶ 35).

'to enforce his rights under the terms of the plan.'").[7] Therefore, Briscoe's claim under the Louisiana Insurance Code relates to the ERISA plans because it is essentially a claim for benefits. Those state law claims must accordingly be dismissed because they are preempted as a matter of law. *Ramirez*, 890 F.2d at 764 ("ERISA preempts state statutes that provide a private right of action for the improper handling of insurance claims.").

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' **Rule 12(B)(6) Partial Motion to Dismiss (Doc. 25) is GRANTED.**

Baton Rouge, Louisiana, this ___8th___ day of May, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[7] *See also Clancy v. Employers Health Ins. Co.*, 82 F.Supp.2d 589, 591–92, 596 (E.D. La.1999), *aff'd*, 248 F.3d 1142 (5th Cir.2001) (unpublished opinion), *cert. denied*, 534 U.S. 820 (2001) (finding that a suit based on La. Rev. Stat. § 22:663 seeking to obtain benefits and prevent an insurer from recovering benefits it had already paid fell within § 502(a)(1)(B) as a claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan").